UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PACIFIC NORTHWEST REGIONAL COUNCIL OF CARPENTERS,<br><br>Plaintiff,<br><br>v.<br><br>LABORERS INTERNATIONAL UNION OF NORTHERN AMERICA, et al.,<br><br>Defendants. | CASE NO. C11-1164 MJP<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JOINDER AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND FOR MOOTNESS AND GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF THE INITIAL DEADLINES |

This matter comes before the Court on Defendants' motion to dismiss for failure to join necessary parties (Dkt. Nos. 9, 13) and Defendants' motion to dismiss for failure to state a claim and for mootness (Dkt. Nos. 21, 22). Having reviewed the motions, the responses (Dkt. Nos. 14, 23), the replies (Dkt. Nos. 14, 15, 24), the surreply (Dkt. No. 20), and all related papers, the Court DENIES the motions. The Court has also considered Plaintiff's unopposed motion to extend the initial deadlines, which it GRANTS in the terms set forth below. (Dkt. No. 25.)

ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JOINDER AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND FOR MOOTNESS AND GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF THE INITIAL DEADLINES- 1

## Background

This petition to compel arbitration arises out of a dispute over the assignment of underground work to be performed under the Sound Transit Project Labor Agreement ("PLA") for the construction for the Sounder Commuter and Link Light Rail Projects. Plaintiff believes that its members should have been assigned the underground work from Defendant Ballard Diving and Salvage ("Ballard"), the contractor awarded the underground project. Instead, Ballard assigned the work to the members of the Defendant Laborers International Union of Northern America ("Laborers Union"). Plaintiff has sued the Laborers Union, the Seattle/King County Building and Construction Trades Council, AFL-CIO ("Trade Council"), and Ballard to compel arbitration of the dispute.

The PLA provides for a means of resolving "jurisdictional" disputes—i.e., which union should be assigned the work. The International Unions are to first try to settle the dispute over a particular assignment. (PLA ¶ 16.2(a).) If they cannot, the dispute is to be referred to an arbitrator, John Dunlop. (PLA ¶ 16.2(b).) Dr. Dunlop died before he could decide the present dispute. The PLA provides for appointment of a successor arbitrator:

> In the event that the respective International Unions of the disputing Local Unions and the involved Contractor are unable to resolve the dispute within fifteen (15) calendar days from the date of referral, the dispute shall be referred by any of the interested parties to Dr. John Dunlop or a mutually agreed upon successor, who the parties agree shall be the permanent arbitrator under this Article to hear and decide issues arising from the work assignment that is the basis of the dispute.

(PLA ¶ 16.2(b).)

Defendants contend that all seven of the members of the Joint Administrative Committee ("JAC") (a body created to oversee the Sound Transit projects) must be named as Defendants because they will select a permanent arbitrator to Dr. Dunlop to hear all jurisdictional disputes.

1  Plaintiff does not agree.  After filing their first motion to dismiss, Defendants submitted evidence

2  showing the PLA was amended to provide for a selection process of a permanent replacement to

3  Dr. Dunlop.  The amendment states only that any dispute would be "referred by any of the

4  interested parties to an arbitrator to be selected by the respective International Unions from

5  among the West Coast members of the jurisdictional issues arbitration panel of the Plan for the

6  Settlement of Jurisdictional Disputes in the Construction Industry."  (Dkt. No. 17 at 4.)  It does

7  not name a permanent replacement—just a process for selecting one.

**Analysis**

A. <u>Motion to Dismiss for Lack of Joinder</u>

Defendants advance an inaccurate interpretation of the successor arbitrator provision of the PLA to argue that other parties are necessary to be joined to this case.  They incorrectly suggest that any successor arbitrator the Plaintiff seeks to decide its dispute will affect all of the signatories of the PLA.

Defendants invoke Rule 19(a)(1)(A) as the basis for dismissal because they claim that the "court cannot accord complete relief among existing parties."  Fed. R. Civ. P. 19(a)(1)(A).  Joinder of all signatories to a contract is usually required when a plaintiff seeks "reformation, cancellation, rescission, or [it] otherwise challeng[es] the validity of the contract."  Wright, Miller and Kane, <u>Fed. Prac. And Proc. Civ. 3d.</u> § 1613 at 201-03.

Defendants suggest that Plaintiff "essentially seek[s] reformation of the PLA."  (Dkt. No. 9 at 7.)  This is not correct.  Plaintiff merely seeks to compel arbitration and find a successor arbitrator to resolve the singular jurisdictional dispute over the underground work assignment.  The PLA contains a provision for appointing a successor arbitrator for just this scenario, and it specifically limits the issue to the parties of the particular jurisdictional dispute.  The provision

ORDER DENYING DEFENDANTS' MOTION TO
DISMISS FOR LACK OF JOINDER AND
MOTION TO DISMISS FOR FAILURE TO STATE
A CLAIM AND FOR MOOTNESS AND
GRANTING PLAINTIFF'S MOTION FOR AN
EXTENSION OF THE INITIAL DEADLINES- 3

1  expressly sets out that the successor arbitrator is selected only "to hear and decide issues arising

2  from the work assignment that is the basis of the dispute." (PLA ¶ 16.2(b).)  The new arbitrator

3  is not the same for any other dispute.  The provision limits the interested parties to the "disputing

4  Local Unions and the involved Contractor." (Id.)  It does not include any members of the Joint

5  Administrative Committee that Defendants advance as necessary parties.  Defendants seem to

6  recognize the weakness of their position by admitting that this is only "essentially" an

7  amendment or formation of the contract.  Defendants' position is untenable.  Defendants have

8  failed to provide a reason why the members of the JAC must be defendants.  The Court DENIES

9  the motion.

10     In the surreply, Plaintiff moves to strike irrelevant arguments and materials submitted

11  about an amendment to the PLA.  (Dkt. No. 20.)  The Court's consideration of these documents

12  does not convince it of a different outcome of the motion. The Court therefore DENIES the

13  motion to strike as MOOT.

14  B.     Motion to Dismiss for Failure to State a Claim

15     In their second motion, Defendants argue that the complaint fails to sufficiently allege a

16  valid request to compel arbitration.  The motion is without merit.

17     A motion to dismiss filed pursuant to Rule 12(b)(6) tests the sufficiency of the complaint.

18  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  "To survive a motion to dismiss, a complaint must

19  contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

20  face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly,

21  550 U.S. 554, 570 (2007)).  The plaintiff must provide "more than labels and conclusions, and a

22  formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

23

24  ORDER DENYING DEFENDANTS' MOTION TO
DISMISS FOR LACK OF JOINDER AND
MOTION TO DISMISS FOR FAILURE TO STATE
A CLAIM AND FOR MOOTNESS AND
GRANTING PLAINTIFF'S MOTION FOR AN
EXTENSION OF THE INITIAL DEADLINES- 4

1    Plaintiff pursues one claim to compel arbitration and enforce the terms of the PLA.
Federal law provides that Plaintiff may sue in this court for violations of a collective bargaining agreement, such as the PLA. 29 U.S.C. § 185. "Congress provided a judicial remedy for enforcement of labor contracts when it enacted section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. . . ." N. L. R. B. v. Los Angeles Yuma Freight Lines, 446 F.2d 210, 214 (9th Cir. 1971). "The section 301 remedy extends to suits to compel arbitration of individual grievances. . . ." Id. Thus, Plaintiff needs only allege sufficient facts showing that Defendants have violated the PLA to request an order compelling arbitration. It has done so.

    Plaintiff has alleged that Defendants have refused the resolve the dispute through arbitration in a timely manner, as required by the PLA. The PLA requires that should Dr. Dunlop die, the disputing parties are to agree upon a replacement arbitrator. (Compl. ¶¶ 14-15.) It does not specify a time for such agreement, but it elsewhere places short time limits on the parties to have jurisdictional disputes resolved quickly. Plaintiff alleges this implies the parties intended an agreement be reached promptly. The Court agrees that this is a reasonable interpretation of the PLA and Defendants do not present a cogent argument to the contrary. Plaintiff then alleges Defendants refused to agree to a new arbitrator in order "to cause the Carpenters Union time and expense to file a lawsuit in order to compel the appointment of an arbitrator . . . during that time Ballard would be free to continue with its improper assignment of the disputed work to the Laborers Union." (Id. ¶ 16.) Plaintiff alleges that Defendants' refusal has been steadfast since June 29, 2011. (Id. ¶ 17.) In addition, Plaintiff avers that Defendants have acted in bad faith as evidence by an internal memo distributed by Laborers Union suggesting that they are attempting to drive up costs as part of Plaintiffs' dispute. (Id. ¶ 19.) Plaintiff also alleges the Trade Council has been acting as "agent, representing partner, or joint

venture with the Laborers Union" and has engaged in bad faith actions "including support of the Laborers Union's bad faith tactics." (Id. ¶¶ 19-20.)

Based on the four corners of the complaint, Plaintiff has made out a claim that Ballard and the Laborers Union are violating the terms of the PLA by not agreeing to a new arbitrator. They also have alleged these two Defendants have violated an implied term of the contract that the selection of a replacement arbitrator would be timely achieved. Plaintiff's claims against the Trade Council are somewhat tenuous, as it is not a party to the dispute. However, Plaintiff's allegations that the Trade Council has acted in concert with the Laborers Union to delay any arbitration, adequately states a claim against it. The Court DENIES Defendants' motion to dismiss for failure to state a claim.

C. <u>Defendants' Motion to Dismiss for Mootness</u>

Defendants argue that the case is moot because the PLA now has a process to appoint a permanent arbitrator to succeed Dr. Dunlop. This argument fails for two reasons. First, this does nothing to moot Plaintiff's claim that Defendants have improperly refused to agree on a new arbitrator to arbitrate the singular matter at issue between Plaintiff and Defendants. Second, the additional facts submitted show that the PLA was amended only to provide a process for selecting a new arbitrator, but there is no evidence that a new arbitrator has been appointed. Even if this negated Plaintiff's request for appointment of a specific arbitrator, it does not moot Plaintiff's request for an order compelling arbitration.

**Conclusion**

The Court DENIES Defendants' two motions to dismiss. Defendants have failed to advance a valid reason as to why any other parties are necessary or indispensable to the resolution of the petition to compel arbitration. Joinder is not required. Plaintiff's complaint

ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JOINDER AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND FOR MOOTNESS AND GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF THE INITIAL DEADLINES- 6

adequately states a claim against all Defendants to sustain their request to compel arbitration. The amendment to the PLA does not moot the action.

The Court has also considered Plaintiff's unopposed motion to extend the initial deadlines in this case. (Dkt. No. 25.) The Court GRANTS the motion and sets the following deadlines: (1) the Rule 26(f) conference deadline is 11/28/2011; (2) the Initial Disclosure Deadline is 12/5/2011; and the Joint Status Report is due by 12/12/2011.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 14th day of November, 2011.

Marsha J. Pechman
United States District Judge

\

ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JOINDER AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND FOR MOOTNESS AND GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF THE INITIAL DEADLINES- 7