UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PACIFIC NORTHWEST REGIONAL COUNCIL OF CARPENTERS,<br><br>Plaintiff,<br><br>v.<br><br>LABORERS INTERNATIONAL UNION OF NORTHERN AMERICA, et al.,<br><br>Defendants. | CASE NO. C11-1164 MJP<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant Ballard Diving and Salvage's ("Ballard") motion for summary judgment. (Dkt. No. 106.) Having reviewed the motion, the opposition (Dkt. No. 118), the reply (Dkt. No. 119), and all related papers, the Court DENIES the motion.

**Background**

The Court recently ruled on two summary judgment motions filed by the other two defendants in this case on essentially the same issue Ballard presents: mootness. (Dkt. No. 110.) The Court first found a dispute of fact existed as to whether all necessary parties had agreed to a

1  successor arbitrator or a means of selecting one, and that the request to compel arbitration in this
2  case was still live. (<u>Id.</u> at 5-6.) The Court found second that the purported completion of the
3  underlying work could not moot this case. (<u>Id.</u> at 9-10.) In its motion for summary judgment,
4  Ballard asks the Court to dismiss the case against it as moot because the underlying work is
5  completed. Plaintiff disputes the assertion that all work subject to the jurisdictional dispute is
6  complete. (Dkt. No. 119 at 7-8.)

## Analysis

8       Ballard incorrectly argues that the completion of the underlying work moots the case.
9  The Court squarely addressed this argument in ruling on the previous two motions for summary
10 judgment. (Dkt. No. 110 at 9-10.) The Court stated: "The Court need only decide whether an
11 agreement to arbitrate was entered, whether arbitration happened or was delayed and how to
12 ensure arbitration goes forward. The issue of whether the disputed work assignment has been
13 completed or not and how that impacts the underlying dispute is for the arbitrator to decide."
14 (<u>Id.</u> at 10.) Ballard provides no reason to reconsider this decision, and its attempt to distinguish
15 <u>United Ass'n of Journeymen and Apprentices v. Bechtel Constr. Co.</u>, 128 F.3d 1318 (9th Cir.
16 1997), serves to highlight why the case is not moot. In <u>Bechtel</u>, the parties had been ordered to
17 arbitrate a jurisdictional dispute over a work assignment in front of an arbitrator the district court
18 selected. <u>Id.</u> at 1320-22. The Ninth Circuit found the appeal not moot on the basis that there
19 remained a dispute about whether arbitration was proper in the first instance despite the fact the
20 work and arbitration were complete. <u>Id.</u> at 1322. Here, there has been no order compelling
21 arbitration, no selection of an arbitrator, and there remains a dispute of fact as to whether all of
22 the work under the relevant contract subject to the jurisdictional dispute has been completed.
23 (Compare Dkt. No. 118 at 7-8 to Dkt. No. 106 at 3.) There remains a live dispute of arbitrability
24

ORDER DENYING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT- 2

1  for the Court to resolve.  The holding in <u>Bechtel</u>—that disputes over the propriety of arbitrating

2  in the first instance are not mooted by completion of the underlying work—reaffirms the Court's

3  prior decision that the case is not moot.  The Court DENIES the motion.

**Conclusion**

5      The Court DENIES Defendant Ballard's motion for summary judgment.  The dispute

6  before the Court is not moot and the request to compel arbitration remains a live controversy.

7      The clerk is ordered to provide copies of this order to all counsel.

8      Dated this 21st day of August, 2012.

_____
Marsha J. Pechman
United States District Judge